IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW T. BINKS

v.  :  Civil Action No. DKC 19-0732

KAREN L. COLLIER, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract and fraud case is the motion to dismiss filed by Defendant Karen Collier and Thomas[1] Collier. (ECF No. 12). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, but the case will be transferred, rather than dismissed.

**I. Background**

Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

This case arises from two contracts between Plaintiff, a resident of Maryland, and Defendants, both residents of Hamilton, Ohio. The first of these contracts was "an agreement to settle civil and criminal disputes" entered into on either January 27,

---

[1] The complaint misspells Mr. Collins' name as "Tomas."

2016 or February 10, 2016, in Ohio. Plaintiff and Defendant Karen Collier were formerly married. After their divorce, however, the two were involved in a dispute "in a domestic relations court in Ohio." That dispute apparently settled, and it is the breach of the settlement agreement which forms the basis of Plaintiff's complaint. How Ms. Collier allegedly breached the agreement is not entirely clear. Plaintiff also alleges that Ms. Collier fraudulently induced him into entering into the first contract and that "she never intended to follow through with the agreement." As part of the dispute in the Ohio state court, Plaintiff's and Ms. Collier's son, Austin Binks, allegedly intended to testify against his mother. Plaintiff claims, however, that Defendants violently suppressed Austin Binks' testimony.

Plaintiff also brings claims of "Malicious Prosecution" related to a claim which Ms. Collier brought against him in the course of his filing for bankruptcy in Maryland in June 2016. Plaintiff claims that that adversary suit, too, settled, and that Ms. Collier went on to breach that settlement agreement as well.

Finally, Plaintiff asserts "Mail Fraud," "Wire Fraud," "RICO," and "Perjury" claims against Defendants relating to their breaches of contract, their efforts to prevent Austin Binks' testimony, and their alleged efforts to pose as Mr. Binks in order to have vehicle registration information sent from the Maryland

Motor Vehicle Administration ("MVA") to Defendants' attorney's address, instead of Mr. Binks' address.

Plaintiff filed this complaint on March 8, 2019. (ECF No. 1). Plaintiff alleges that this court has diversity jurisdiction, 28 U.S.C. § 1332, over this matter. Defendants moved to dismiss on September 13, 2019. (ECF No. 12). Finally, it bears mentioning that Austin Binks has also brought suit against Defendants in another matter before this court; his case arises out of some, but not all, of the Defendants' alleged conduct in this case.

## II. Analysis

Defendants move to dismiss for lack of personal jurisdiction. When a court's power to exercise personal jurisdiction is challenged by a motion under Fed. R. Civ. P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)(internal citation omitted). If jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits, and discovery

materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396. In determining whether the plaintiff has met his burden, all jurisdictional allegations must be construed in the light most favorable to the plaintiff, and the most favorable inferences must be drawn for the existence of jurisdiction. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

Where a defendant is a nonresident, a federal district court may exercise personal jurisdiction only if "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). The Maryland long-arm statute, Md.Code Ann., Cts. & Jud. Proc. § 6-103, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002) (citing *Androutsos v. Fairfax Hosp.*, 323 Md. 634, 637 (1991)). This broad reach does not suggest that analysis under the long-arm statute is irrelevant; rather, it reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause." *Dring v. Sullivan*, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quoting *Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F.Supp. 116, 118–

19 n. 2 (D.Md. 1995)); *see also Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n. 6 (2006) (although the "long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause," it is not "permissible to simply dispense with analysis under the long-arm statute").

Maryland's long arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103, provides in part:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
>
> (3) Causes tortious injury in the State by an act or omission in the State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State; ...
>
> (5) Has an interest in, uses, or possesses real property in the State

There is a limiting condition in § 6-103(a): "If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section."

To satisfy the long-arm prong of the analysis, a plaintiff must specifically identify a statutory provision that authorizes

5

jurisdiction, either in his complaint or in opposition to a Rule 12(b)(2) motion. *See Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649, 652 (D.Md. 2001); *Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 704 n. 1 (D.Md. 2004).

Plaintiff does not cite any statutory provision authorizing jurisdiction. In his opposition to the motion to dismiss, Mr. Binks alleges that Defendants' actions of "commit[ing] wire fraud by calling the Maryland MVA" and impersonating Mr. Binks gives this court jurisdiction over Defendants. (ECF No. 13, at 2). Mr. Binks also contends that this court has jurisdiction over Defendants because certain of his claims "have national jurisdiction as the act crosses state lines[.]" (*Id*. at 2-4).

Mail and wire fraud are criminal acts which do not give rise to a civil cause of action. Mail and wire fraud may be asserted as predicate acts in a civil RICO claim – which Plaintiff has arguably done – so long as they are pled with particularity pursuant to Fed. R. Civ. P. 9(b). *See Proctor v. Metro. Money Store Corp.*, 645 F.Supp.2d 464, (D.Md. 2009). This single phone call is insufficient for personal jurisdiction.

The only remaining question is whether to dismiss or transfer. The court may transfer any case in which personal jurisdiction is lacking under 28 U.S.C. § 1406. The United States Court of Appeals for the Fourth Circuit "has adopted a reading of [§] 1406(a) authorizing transfer 'for any reason which constitutes an

6

impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.'" *Estate of Bank v. Swiss Valley Farms Co.*, 286 F.Supp.2d 514, 522 (D. Md. 2003) (quoting *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988)). Lack of personal jurisdiction is one such "impediment," and whether to dismiss or transfer an action under § 1406(a) rests within the discretion of the district court. *Id.* Likewise, the United States Supreme Court has held that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Courts "generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants." *Zalatel v. Prisma Labs, Inc.*, 226 F. Supp. 3d 599, 613–14 (E.D. Va. 2016); *see also Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629 (D. Md. 2006) ("transfer is generally the favored route where the Court has a choice between transfer and dismissal").

Defendants, while arguing for dismissal, suggest that Ohio is the proper venue for this case. (ECF No. 12-1, at 5-6). The test for whether transfer is appropriate under § 1406(a) hinges on whether such transfer is "in the interest of justice[.]"

7

"Consideration of the interests of justice is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852, 857 (D.Md. 2005) (citation and internal quotation marks omitted). Here, Ohio clearly has an interest in adjudicating this case because the vast majority of the alleged conduct occurred in that state. Relatively little in the Plaintiff's complaint has anything to do with the state of Maryland. Moreover, a court's familiarity with the applicable law is one factor to consider in the interest of justice analysis. *Lynch v. Vanderhoef Builders*, 237 F.Supp. 2d 615, 618 (D.Md. 2002). Here, the agreements forming the basis of Plaintiff's complaint appear to be Ohio contracts, and the vast majority of Defendants' alleged conduct occurred in Ohio and is subject to Ohio law.

Because the court will transfer this action, Defendants' alternative request to stay this case and appoint a guardian *at litem* will not be considered.

### III. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge